UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01066-RGK-DSR | Date | March 9, 2026 |
|---|---|---|---|
| Title | K.A.O.T. v. Kristi Noem et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [5]

## I. INTRODUCTION

On March 6, 2026, K.A.O.T. ("Petitioner") filed a Petition for Writ of Habeas Corpus and the present *Ex Parte* Motion for a Temporary Restraining Order ("Motion") against Kristi Noem, Pamela Bondi, Todd Lyons, Immigration and Customs Enforcement ("ICE"), Jaime Rios, and Fereti Semaia (collectively, "Respondents"). (ECF Nos. 1, 5.) Petitioner is a noncitizen who is currently being held in ICE in custody.

Petitioner seeks the Court's order that Petitioner be immediately release from custody and to enjoin Respondents from re-detaining Petitioner in the future without a pre-deprivation hearing before a neutral arbiter, enjoin Respondents from placing further supervision requirements upon release, and require Respondents to return to Petitioner all property confiscated from him during his arrest. For the following reasons, the Court **DENIES** the Application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be immediately released from custody or be provided with a bond hearing. However, Petitioner fails to meet the standard needed to justify *ex parte* relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01066-RGK-DSR | Date | March 9, 2026 |
|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al* | | |

    Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

    Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. In the Petition, Petitioner stated he has been detained since December 29, 2025. However, in his Application, Petitioner failed to articulate why he now requires immediate action through the *ex parte* process. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet his burden under the first element of the *Mission Power* test, and *ex parte* relief is not justified.

## IV. CONCLUSION

    For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |