# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01066-RGK-DSR | Date | March 13, 2026 |
|---|---|---|---|
| Title | K.A.O.T. v. Kristi Noem et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                              Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's Renewed *Ex Parte* Motion for Temporary Restraining Order [14]

## I.   INTRODUCTION

On March 6, 2026, K.A.O.T. ("Petitioner") filed a Petition for Writ of Habeas Corpus and an *Ex Parte* Motion for a Temporary Restraining Order against Kristi Noem, Pamela Bondi, Todd Lyons, Immigration and Customs Enforcement ("ICE"), Jaime Rios, and Fereti Semaia (collectively, "Respondents"). (ECF Nos. 1, 5.) Petitioner is a noncitizen who is currently being held in ICE custody.

On March 9, 2026, the Court denied Petitioner's initial *Ex Parte* Motion, finding that Petitioner did not meet the standard to justify *ex parte* relief. (ECF No. 7.) On March 12, 2026, Petitioner filed a Renewed *Ex Parte* Motion for Temporary Restraining Order. (ECF No. 14.)

Petitioner seeks the Court's order that Petitioner be immediately released from custody and to enjoin Respondents from re-detaining Petitioner in the future without a pre-deprivation hearing before a neutral arbiter, enjoin Respondents from placing further supervision requirements upon release, and require Respondents to return to Petitioner all property confiscated from him during his arrest. For the following reasons, the Court **DENIES** the Renewed Application.

## II.   JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01066-RGK-DSR | Date | March 13, 2026 |
|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | |

### III. DISCUSSION

In the Renewed Motion, Petitioner again fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Again, Petitioner fails to establish why his Renewed *Ex Parte* Motion cannot be calendared in the usual manner. Petitioner has been in custody since December 29, 2025. Petitioner fails to articulate why, despite his detention for more than three months, he *now* requires immediate action through the *ex parte* process. Petitioner does not allege any facts that would indicate he is at risk of irreparable prejudice if he does not receive the requested relief immediately rather than if the merits of the Renewed Motion are heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet his burden under the first element of the *Mission Power* test, and *ex parte* relief is not justified.[1]

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Renewed Motion is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |

---

[1] The Court calls Petitioner's attention to Local Rule 65-1, which provides that, "If the TRO is denied, the Court may set the hearing on the order to show cause without regard to the twenty-eight (28) days notice of motion requirement of L.R. 6-1." To trigger this expedited review, the Petitioner must file a request with the Court to set an expedited hearing on the order to show cause pursuant to Local Rule 65-1.