UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01066-RGK-DSR | | Date | June 8, 2026 |
|---|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Petitioner's Third *Ex Parte* Application for
Temporary Restraining Order [31]**

## I.      INTRODUCTION

On March 6, 2026, K.A.O.T. ("Petitioner") filed a Petition for Writ of Habeas Corpus and an *Ex Parte* Motion for a Temporary Restraining Order ("TRO") against Kristi Noem, Pamela Bondi, Todd Lyons, Immigration and Customs Enforcement ("ICE"), Jaime Rios, and Fereti Semaia (collectively, "Respondents"). (ECF Nos. 1, 5.) Petitioner, a noncitizen, is currently being held in ICE custody.

On March 9, 2026, the Court denied Petitioner's initial *Ex Parte* Motion, finding that Petitioner did not meet the standard to justify *ex parte* relief. (ECF No. 7.) On March 12, 2026, Petitioner filed a Renewed *Ex Parte* Motion for a TRO. (ECF No. 14.) On March 13, 2026, the Court denied Petitioner's renewed motion, finding again that Petitioner failed to meet the *ex parte* standard. (ECF No. 15.)

On March 27, 2026, Petitioner filed a Second *Ex Parte* Application for a TRO. (ECF No. 18.) On April 2, 2026, the Court denied Petitioner's Second Application, finding that due process did not require a pre-deprivation hearing when Petitioner could have requested a post-deprivation hearing: a bond hearing. (ECF No. 20.) However, on April 28, 2026, the Immigration Judge determined that the Immigration Court lacked jurisdiction to conduct a bond hearing because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 21.) Thereafter, on June 3, 2026, Petitioner filed a Third *Ex Parte* Application for a TRO. (ECF No. 31.) Petitioner seeks the Court's order mainly directing Respondents to immediately release Petitioner from detention. For the following reasons, the Court **GRANTS** the Third Application and **ORDERS** Respondents to provide Petitioner with a due process hearing within ten (10) days of this Order's issuance.

## II.      FACTUAL BACKGROUND

The Court incorporates all previous factual findings as set out in the Court's Order on the Second *Ex Parte* Application. (*See* ECF No. 20.)

---

CV-90 (06/04)                          **CIVIL MINUTES - GENERAL**                          Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01066-RGK-DSR | Date | June 8, 2026 |
|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | |

## III.    JUDICIAL STANDARD

### A.    Temporary Restraining Order

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* test"). In the Ninth Circuit, courts also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party bears the burden of persuasion. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

## IV.    DISCUSSION

### A.    Likelihood of Success on the Merits: Procedural Due Process Violation.

Petitioner argues that he is likely to succeed on the merits of the petition because the procedure the Court previously found sufficient to satisfy due process, the post-deprivation bond hearing, is no longer available. As mentioned above, the Immigration Judge determined he did not have jurisdiction to give Petitioner a bond hearing, as Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

In determining whether procedures used were constitutionally sufficient, a Court weighs three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976). Ultimately, *Mathews* remains a flexible test that can and must account for the heightened

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01066-RGK-DSR | | Date | June 8, 2026 |
|---|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | | |

governmental interest in the immigration detention context. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

#### a. *Private Interest*

Petitioner has a personal interest in remaining at liberty, free from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (noting interest in being free from governmental physical detention "is the most elemental of liberty interests"). The Supreme Court has held that individuals who have been released from government custody, even when conditional, have an interest in their continued liberty. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (holding prison parolees have an unqualified liberty interest in their release from prison); *Young v. Harper*, 520 U.S. 143, 147–48 (1997) (same). Petitioner in this case has built a life in the United States, including by marrying a United States citizen and engaging in community events. He therefore has developed attachments that necessitate a substantial interest in remaining at liberty, despite the fact that ICE retained the ability to re-detain him.

#### b. *Risk of Erroneous Deprivation*

Petitioner contends that there is a high risk of erroneous deprivation absent a pre-deprivation hearing in front of a neutral arbitrator and a post-deprivation hearing. As mentioned in the Court's previous Order, the Court found a pre-deprivation hearing to be unnecessary to protect Petitioner's liberty interest considering the availability of a post-deprivation hearing: a bond hearing in front of an immigration judge in accordance with 8 U.S.C. § 1226. However, in light of the Immigration Judge's decision that he lacks jurisdiction to hold a bond hearing, there is no longer an avenue for Petitioner to receive a post-deprivation hearing. Petitioner is now stuck in perpetual detention without the opportunity to receive any type of hearing in front of a neutral arbitrator, meaning that his risk of erroneous deprivation is high. The risk of erroneous deprivation is high because there is no way to determine whether re-detention serves a valid purpose, as there is no opportunity for the government to ascertain whether Petitioner poses a risk of flight or danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (cleaned up) ("Where, as here, [the petitioner] has not received any bond or custody . . . hearing, the risk of an erroneous deprivation [of liberty] is high because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention."); *Omer G. G. v. Kaiser*, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.").

Thus, the Court finds that the risk of erroneous deprivation is high absent any sort of hearing in front of a neutral arbiter.

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01066-RGK-DSR | | Date | June 8, 2026 |
|----------|----------------------|--|------|--------------|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | | |

    c.  *Government's Interest*

  The Court previously found that the Government's interest was strong in avoiding unnecessary fiscal and administrative burdens by providing duplicative hearings (both a pre-deprivation and post-deprivation hearing). However, the Court now determines that the Government's interest in avoiding unnecessary administrative burden is low, as without the opportunity for Petitioner to receive a full post-deprivation hearing, there is no risk of duplicity. Furthermore, as a general matter, courts have found that "the Government's interest in re-detaining non-citizens previously released without a hearing is low[.]" *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

  Overall, Petitioner has an interest in remaining at liberty, there is a high risk of erroneous deprivation, and the Government has a reduced interest in providing Petitioner a hearing. Therefore, the Court finds that Respondents' failure to give Petitioner any sort of hearing violates procedural due process. Because of this, Petitioner is likely to succeed on the merits of his Petition.

## B.  Likelihood of Irreparable Harm

  In the absence of a preliminary injunction, Petitioner will continue to be detained and denied a hearing before a neutral arbiter. Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Accordingly, the Court finds that Petitioner is likely to suffer irreparable harm in the absence of a preliminary injunction.

## C.  Balance of the Equities and Public Interest

  The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The balance of equities tips in Petitioner's favor, since he "faces irreparable harm to [his] constitutional rights and health[,]" and "there is no harm to the Government when a court prevents the Government from engaging in unlawful practices." *Castillo v. Barr*, 449 F. Supp. 3d 915, 923 (C.D. Cal. 2020). The preliminary injunction would also fulfill Respondents' compelling interest in steady enforcement of immigration laws, including ensuring that their immigration practices are in compliance with due process. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

  On balance, therefore, the four *Winter* factors favor Petitioner. Petitioner requests his immediate release, however, the Court finds the proper remedy to be ordering Respondents to provide Petitioner with the process he was due under the Fifth Amendment: a hearing.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01066-RGK-DSR | Date | June 8, 2026 |
|---|---|---|---|
| Title | *K.A.O.T. v. Kristi Noem et al.* | | |

**V.   CONCLUSION**

For the foregoing reasons, Petitioner's Third *Ex Parte* Application for a TRO is **GRANTED**.

Respondents are ordered to:

**(1) Provide Petitioner (A-Number: 246-018-392) with a due process hearing to determine if there is a valid reason for his re-detention: flight risk or danger to the community, within ten (10) days of this Order's issuance. If there is no valid reason for Petitioner's re-detention, Petitioner shall be ordered to be released from custody.**

**(2) Provide the Court with a Status Report within seven (7) days of the due process hearing, detailing compliance with this Order.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____